(No. 5631

CLYDE DIAL CONSTRUCTION, INC., Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed July 14, 1972.*
*Petition of Claimant for Rehearing denied September 18, 1972.*

DOWNING, SMITH, JORGENSEN AND UHL, Attorney for Claimant.

WILLIAM J. SCOTT, Attorney General; WILLIAM E. WEBBER, Assistant Attorney General, for Respondent.

HOLDERMAN, J.

Complaint alleges that on the 2nd day of September, 1968, claimant, Clyde Dial Construction, Inc., contractor, was doing work at the Lincoln State School.

Complaint alleges that a 1951 Chevrolet 1½ ton flat bed truck, which was used as a compressor truck, was parked upon the grounds of the Lincoln State School where the work was being done.

Complaint further states that on the 2nd day of September, 1968, during the night, the truck was broken into, gasoline was poured on the cab of the truck and set afire, resulting in damages in the amount of $735.50.

Complaint alleges that one Brad Davis, an inmate at the Lincoln State School, was responsible for breaking into the cab of the truck and setting the fire.

Brad Davis, an eighteen year old inmate of Lincoln State School, testified that he was at the school in

September, 1968, and he had been there since 1965. He testified that he had burned the truck of the claimant after he had gotten out of the building. He further testified that he had used gasoline in burning the truck, which gasoline he had obtained from a tank near a coal pile and used matches which he had found in the glove compartment of the truck.

Davis further stated that he had attempted to break into the truck the night before but only shattered the glass.

Another witness testified on behalf of the claimant that this truck was located near the power house and that it was constantly used on the project. He also testified that on the day before the fire, he had noticed the left vent glass in the cab had been shattered. This supported the statement originally given by Brad Davis that he had shattered the glass earlier, before the fire had been set.

The State did not introduce any evidence.

There were not any allegations of negligence on the part of the State in the Complaint and there is no record of prior escapes or absences by Brad Davis.

The petitioner relies on those cases previously decided by the Court of Claims, such as *U.S. Fidelity and Guaranty Co.* vs. *State of Illinois,* 23 C.C.R. 188 (1960).

This line of cases is to the effect that if the claimant makes a prima facia case and the respondent offers no evidence as to the circumstances surrounding the facts, it will be assumed that the claimant has sustained the burden of proof.

There is not any evidence in the record to prove that the State knew, or should have known, of any inclination on the part of the inmate, Brad Davis, to engage in the activity which resulted in the damage to the claimant.

Further, there is no allegation of any negligence on the part of the State nor is there any proof of any negligence on the part of the State.

Mere proof that the student did commit the act, coupled with the broken window which indicated an attempt to get into the truck the day before, is not sufficient to put the respondent on notice. The Court therefore holds that the claimant failed to sustain its burden of proof and failed to establish a prima facie case of negligence.

As stated before, the original Complaint did not contain any allegation of negligence although claimant, in its Brief, cited five acts of negligence and it is impossible to determine what theory the claimant proceeded on at the Hearing, whether upon the ordinary negligence theory or the escaped inmate theory. It was not until the Briefs were read that the theory the claimant was proceeding on became clear or known to the respondent, who answered the belated allegations of acts of negligence in its Brief.

In our opinion, the contentions made by respondent in these briefs are correct.

In passing, it is worthwhile to note that the Hearings were held at the Lincoln State School and the records of Brad Davis were available to both parties.

It is the opinion of the Court that claimant has not proved by a preponderance of the evidence the elements necessary to recover and an award is therefore denied.